IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** | : CIVIL ACTION NO. 1:05-CV-2120 :<br>: **(Judge Conner)** |
| **Plaintiff** | : |
| v. | : |
| **MICHAEL A. VICK,** | : |
| **Defendant** | : |

## ORDER

AND NOW, this 20th day of March, 2008, upon consideration of the motion to reassess damages (Doc. 21), and the order of court dated March 19, 2008 (Doc. 23) in which the court directed plaintiff to file a brief in support of the instant motion addressing, *inter alia*, the requested increase in the daily interest rate,[1] a detailed calculation of the interest requested, and the delay in the sale of the property,[2] and

---

[1] The order of court dated May 8, 2006 granted interest at the rate of $32.36 per day from December 2, 2005 to the date of any sale of the property (see Doc. 16 ¶ 1), but the instant motion seeks interest through March 25, 2008 at the rate of $37.90 per day (see Doc. 21 ¶ 4). Plaintiff originally used the $37.90 daily rate for the period from October 15, 2005 through December 2, 2005. (See Doc. 14 at 2.)

[2] The order of court dated May 8, 2006 (Doc. 16) directed that the judicial sale of the property at issue take place within 180 days of the date of the order. (See Doc. 16 ¶ 3(a)). Plaintiff has not explained why the sale is scheduled to take place almost two years after the order.

it appearing that the brief in support (Doc. 24) does not address these issues,[3] it is hereby ORDERED that the motion to reassess damages (Doc. 21) is DENIED without prejudice.[4]

                                                                                      S/ Christopher C. Conner
                                                                                      CHRISTOPHER C. CONNER
                                                                                       United States District Judge

---

[3] The brief in support states that "the Note specifies the rate of interest to be charged until the debt is paid in full or otherwise satisfied." (Doc. 24 at 4.) However, the brief does not cite to or provide the Note at issue. Likewise, it does not explain why plaintiff originally requested and was granted $32.36 per day from December 2, 2005 to the date of any sale of the property, see supra note 1, but now requests $37.90 per day (see Doc. 21 ¶ 4). Such an explanation and a detailed calculation of the interest requested is required for the court to determine the issue of reassessment of damages.

[4] This ruling should not be construed as any indication of the court's view on whether a reassessment of damages is appropriate in the above-captioned action. It merely reflects the court's determination that it does not have adequate information to grant such a request at this time.